UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILLIAM KOHLSTRAND,**

        **Plaintiff,**                    **CIVIL ACTION NO. 07-CV-14088**

      **vs.**                                **DISTRICT JUDGE JOHN FEIKENS**

                                       **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF
SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION:**   Plaintiff's Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412 (docket no. 25) filed on October 3, 2008 should be **DENIED**.

\*\*\*

**II.   REPORT**

*A.   Facts and Procedural History*

Plaintiff filed this Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412 on October 3, 2008.  (Docket no. 25).  Defendant filed a Response To Plaintiff's Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412 on October 16, 2008.  (Docket no. 26).  Plaintiff filed a Response To Defendant's Request For Denial Of Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412 on November 3, 2008.  (Docket no. 31).  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The matter has been fully briefed and the Court has concluded that a hearing is not necessary.  *See* E.D. Mich. LR 7.1(e)(2).

(Docket no. 30).

This action originated with Plaintiff's request for judicial review of an Administrative Law Judge's determination that although Plaintiff has the severe impairments of a closed head injury, degenerative disc disease, bone spurs, bulging discs, carpal tunnel syndrome and depression, he is not suffering from a disability under the Social Security Act because he retains the residual functional capacity to perform a significant range of sedentary work and that there are a significant number of jobs in the economy which he can perform.  Plaintiff alleges that he has been disabled and unable to work since July 31, 2003. Plaintiff filed applications for Disability, Disability Insurance Benefits and Supplemental Security Income on January 23, 2004.  The Social Security Administration denied benefits.  (Docket no. 19 at 1-2).  A requested *de novo* hearing was held on August 2, 2006 before Administrative Law Judge (ALJ) Francis A. Molenda.  (Docket no. 19 at 1). The ALJ subsequently found that the claimant was not entitled to a period of disability or Disability Insurance Benefits and not eligible for Supplemental Security Income payments because he was not under a disability at any time through the date of the ALJ's August 30, 2006 decision.  (TR 29).  The Appeals Council declined to review the ALJ's decision and Plaintiff appealed the ALJ's decision to the district court.

The district court ultimately entered a judgment and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  The ALJ was instructed to re-assess the opinion of treating source Sara Guetzkow, limited licensed clinical psychologist, explain the weight given to her opinion and give good reasons for discounting her opinion, specifically stating how the medical evidence supports or contradicts the opinion.  (Docket no. 22).  The ALJ was instructed to re-evaluate Plaintiff's RFC if necessary and, if warranted, conduct a new step-five

analysis. (Docket no. 22). The Court had otherwise found that substantial evidence supported the ALJ's findings related to Plaintiff's RFC.

**B.     *Standard of Review***

The Equal Access to Justice Act ("EAJA") provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(a)(A). "[T]he proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 559-60 (1988)). "The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (citing *Pierce*, 487 U.S. at 569 and *Jankovich*, 868 F.2d at 870)). "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . .'" *Scarborough v. Prinicipi*, 541 U.S. 401, 415 (2004)(internal citations omitted).

**C.     *Analysis***

The parties do not dispute that Plaintiff timely filed his Motion For Award of Attorneys fees. *See* 28 U.S.C. § 2412(d)(1)(B). Plaintiff's action was remanded pursuant to sentence four of 42 U.S.C. § 405(g) and Defendant does not dispute that Plaintiff is a prevailing party under 28 U.S.C. 2412. *See Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993).

The issue before the Court is whether Defendant was substantially justified in making and defending its decision to deny Plaintiff benefits. Plaintiff argues that the Government's position was not rational or justifiable because it ignored the opinion of Plaintiff's treating source Sara Guetzkow, limited licensed clinical psychologist, and the ALJ discounted Guetzkow's opinion by relying on Plaintiff's lack of hospitalizations. The ALJ's Residual Functional Capacity ("RFC") assessment was otherwise consistent with and supported by evidence of Plaintiff's physical condition including his impairments.

The ALJ rejected Guetzkow's opinion that Plaintiff had marked mental limitations, including Plaintiff's ability to maintain attention and concentration for an extended period, to complete a normal workday and workweek without interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods. (Docket no. 19 at 17-18). In discounting Guetzkow's opinion, the ALJ stated that the "evidence does not support marked mental limitations. The claimant would probably have an extensive history of psychiatric hospitalizations if he truly had marked mental limitations, and he has no such history." (Docket no. 19 at 18). Guetzkow is a licensed psychologist and acceptable medical source who treated Plaintiff from January 1, 2005 to July 13, 2006. (Docket no. 19 at 10, 17-18). The Court found that the lack of history of hospitalizations was not a sufficient reason to reject a treating psychologist's opinion. The Court finds that although the ALJ may have undervalued Guetzkow's opinion, which was unfavorable to his decision, the record contains evidence supporting the ALJ's determination with respect to the issues.

The ALJ had also cited to Dr. Harb's May 20, 2004 form indicating that while Plaintiff had depression, he had no mental limitations. (Docket no. 19 at 18, Docket no. 11-13 at 618). The

4

record shows that George F. Ronan, Ph.D., licensed psychologist performed a psychiatric/psychological evaluation on March 19, 2004 and diagnosed Plaintiff with dysthymic disorder and assigned a GAF score of 60. (Docket no. 582-85). Dr. Ronan noted that Plaintiff's mental activity was spontaneous and his speech was organized. He was able to recall three out of three objects after a five-minute interval and was able to recall six digits forward and four digits backward. Plaintiff was oriented times three and Dr. Ronan noted that Plaintiff is able to manage his own benefit funds. (Docket no. 11-12 at 585). The record also contains N. Khan, M..D.'s April 22, 2004 psychiatric review of Plaintiff's file. (Docket no. 19 at 10, Docket no. 11-3 at 599-603). Dr. Khan concluded that Plaintiff had only mild limitations in activities of daily living, mild difficulties maintaining social functioning and concentration, persistence and pace and had no episodes of decompensation. (Docket no. 19 at 10). Dr. Kahn noted that Plaintiff was in contact with reality, had some feelings of worthlessness and some sleep disturbances, but was fully oriented with good memory and concentration. (Docket no. 19 at 10). Dr. Khan also noted that Plaintiff was not taking medication for his mental impairments. (Docket no. 11-13 at 601). The Court notes that, other than Guetzkow's testimony, the record does not contain Guetzkow's supporting documentation or treatment notes.

Given the conflicting nature of some of the evidence, the Court finds that the ALJ's decision to side with that evidence which concludes that Plaintiff is capable of a significant range of sedentary work is reasonable. The record evidence shows that the Government's position was grounded in a reasonable belief in fact and law that Plaintiff is not disabled. *See Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Because the Defendant has shown that its position is substantially justified, Plaintiff's motion should be denied.

Plaintiff also raises the issue of whether the award of attorney fees and costs may be paid directly to Plaintiff's counsel in this matter. The Court need not reach this issue because it should find that the Government's position was substantially justified.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 04, 2009            s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 04, 2009                             s/ Lisa C. Bartlett
                                                  Courtroom Deputy